UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LOUISE TRAUMA CENTER
1234 Mass Ave NW
Washington DC 20005

Plaintiff

v.                                                                          Civil Action No. 25-cv-

UNITED STATES CIS
5900 Capital Gateway Drive
Camp Springs MD 20588

Defendant

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is a Freedom of Information Act [FOIA] case. Defendant has failed to respond to five requests from Plaintiff.

## JURISDICTION

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a) (4) (B) and 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and other necessary relief pursuant to 28 U.S.C. § 2201-02.

## VENUE

3. Venue is appropriate under 5 U.S.C. § 552(a) (4) (B), and 28 U.S.C. § 1391.

## PARTIES

4a. Plaintiff Louise Trauma Center is a nonprofit organization that helps asylum applicants, focusing on women who have suffered gender-based violence, such as female genital mutilation (FGM), rape, domestic violence, and forced marriage. We publish materials given to asylum officers, such as country conditions. We offer suggestions on how to make your asylum

1

case stronger. We are a non-profit organization. We charge no fees; we sell nothing. We rely on pro bono lawyers to help us.

    4b. Plaintiff secured a reversal and remand in *Louise Trauma Center v USCIS,* 147 F. 4th 495, 501  (4th Cir. 2025)(To accept the arguments of the agency "would defeat the very purpose of FOIA. FOIA is grounded in the fundamental principle of public access to Government documents. The statute provides a mechanism to obtain official information long shielded from public view and attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands." [cleaned up].

    5. Plaintiff has made FOIA requests in the past, and will continue to do so in the future.

    6. Defendant is an agency within the meaning of 5 U.S.C. § 552(e) and 701(b) (1), and is in possession and/or control of the records requested by Plaintiff.

## **FACTS**

    7. On April 25, 2023, defendant received this request from plaintiff:

    Louise Trauma Center notes that 8 CFR 1208.1b states that the Director of International Affairs "shall maintain a documentation center with information on human rights conditions." Concerning that documentation center, LTC requests a copy of:

1] its rules and procedures;
2] its current policy statements;
3] its most recent annual report;
4] all communications, emails, training, instructions, and guidance, sent by the Director of International Affairs,or his agents, to the persons working at or in the documentation center, during Fiscal Year 2023;
5] documents that describe the contents of the documentation center;
6] documents that describe how to determine what shall be deposited into, and what shall not be deposited into, the documentation center;
    ===== == ==

8. Defendant assigned "COW2023 002 829" to the request.

9. Via a letter dated May 4, 2023, defendant granted plaintiff's request for a fee waiver.

10. Since that time, the defendant has done nothing concerning this request.

= = = = = = = = =

11. On June 12, 2023, defendant received this request from plaintiff:

We understand that on 10/17/2019, the Asylum Division published a revised version of the Companion Guide to the Asylum Officer Performance Plan and Appraisal.
We request a copy of the current version of that Companion Guide.

12. Defendant assigned "COW2023 004 086" to the request.

13. Via a letter dated June 12, 2023, defendant granted plaintiff's request for a fee waiver.

14. Since that time, the defendant has done nothing concerning this request.
= = = = = = = = ==

15. On June 17, 2023, defendant received this request from plaintiff:

The Asylum Division published a revised version of the Companion Guide to the Asylum Officer Performance Plan and Appraisal. At page 5 thereof, it says
  "An SAO must maintain and update an AO PPA Workbook, for each AO he or she supervises on a routine basis. The Workbook aggregates the data from the AO Biweekly Reports. It includes the data to calculate overall ratings, and serves as a log of random case reviews, scored case reviews, and other relevant PPA actions."
Concerning the Arlington Asylum Office, and the most senior SAO, and the month of May 2023, we request a copy of the AO PPA Workbook for the most senior AO that he or she supervised.

16. Defendant assigned this tracking number to the request: COW 2023 004 220.

17. Defendant sent a letter dated June 20, 2023. That letter states: "Your request for a fee waiver has been granted."

18. Since that time, the defendant has done nothing concerning this request.

= = = = = = = =

3

19. On May 23, 2023, defendant received this request from plaintiff:

records [including, without limitation, all communications, emails, training, instructions, and guidance], sent from Asylum Headquarters to the Supervisory Asylum Officers at the Arlington Asylum Office, during FY 2023, Quarter 2.

20. Defendant assigned this tracking number to the request: COW 2023 003 647.

21. Defendant sent a letter to plaintiff dated September 6, 2023, wherein defendant granted plaintiff's request for a fee waiver.

22. Since that time, the defendant has done nothing concerning this request.

= = = = = =

24. On September 3, 2023, defendant received this request from plaintiff:

"pl send us    FOIA/PA Assistant's Guide, effective 9-3-23"

25. Defendant assigned this tracking number to the request: COW 2023 006 014.

26. Defendant sent a letter to plaintiff dated September 6, 2023.

27. Since that time, the defendant has done nothing concerning this request.

= = = = = =

**FIRST CAUSE OF ACTION [remand request ending in 2829]**

**[documentation center]**

28. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

29. Defendant has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

4

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ( c);

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

30. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for the defendant's failure to make the records available.

31. Defendant is still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

32. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

33. Plaintiff has exhausted all necessary administrative remedies.

**SECOND CAUSE OF ACTION concerning request ending with 4086 [Companion Guide]**

34. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

35. Defendant has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5(c);

i] to provide any of the records to the requester.

36. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for this defendant's failure to make the records available.

37. Defendant still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

38. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

39. Plaintiff has exhausted all necessary administrative remedies.

**THIRD CAUSE OF ACTION request ending in 4220  [PPA Workbook]**

40. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

41. Defendant has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by  § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

42. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for USCIS's failure to make the records available.

7

43. USCIS is still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

44. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

45. Plaintiff has exhausted all necessary administrative remedies.

**FOURTH CAUSE OF ACTION [request ending in 3647][Supervisory Asylum Officers]**

46. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

47. Defendant has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

8

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

48. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for the defendant's failure to make the records available.

49. Defendant is still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

50. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

51. Plaintiff has exhausted all necessary administrative remedies.

**FIFTH CAUSE OF ACTION [ request ending in 6014] [Assistant's Guide]**

52. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

53. Defendant has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by § 552(a)(6)(A)(i)(II);

9

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

54. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for the defendant's failure to make the records available.

55. Defendant is still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

56. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

57. Plaintiff has exhausted all necessary administrative remedies.

58. Plaintiff has the legal right under FOIA to obtain all of the records.

## **PRAYER FOR RELIEF**

59.  WHEREFORE, plaintiff prays that judgment be entered in its favor against defendant; and that the Court:

a. Order defendant to promptly disclose all of the requested records;
b. Declare that defendant's inaction and actions violate the FOIA;
c. Award plaintiff reasonable attorney fees and costs pursuant to 5 U.S. C. §552(a) (4) (E); and
d. Grant all other such relief to the plaintiff as the Court deems proper and equitable.

Respectfully submitted,

/s/ *David L. Cleveland*
David L. Cleveland
Maryland Bar # 13559 DC Bar # 424209
*Pro bono* Attorney for Plaintiff

10

1220 L Street NW #100
Washington, DC 20005-4033
[202] 812-8684   <1949.david@gmail.com>

11